IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

JOSE BLANCO TORRES,

Plaintiff

v.                                                                    CIVIL NO. 14-1622 (GAG)

JUNTO DE GOBIERNO DE SERVICIO DE EMERGENCIA, et al.,

Defendants.

**OPINION AND ORDER**

      José Blanco Torres, Plaintiff in this matter, brought this action against Junta de Gobierno del Servicio de Emergencia 9-1-1 ("the Board") and Director Roberto Fuentes-Maldonado ("Fuentes") in his official and individual capacity (collectively referred to as "Defendants"), alleging that he was discriminated against on the basis of his disability and age in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*; the Fourteenth Amendment to the United States constitution, pursuant to § 1983 of the Civil Rights Act of 1991; Puerto Rico Law No. 44 of July 2, 1985, P.R. LAWS ANN. tit. 1 §§ 501 *et seq.* ("Law 44"); and No. 100 of June 1959, P.R. LAWS ANN. tit. 29 §§ 146 *et seq.* (Docket No. 1 and 26.)

      Defendants then moved this court to dismiss Plaintiff's amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and (6). (Docket No. 31.) Plaintiff opposed Defendants' motion. (Docket No. 41.) Thereafter, the court denied Defendants' motion to dismiss this case due to Plaintiff's insufficient service of process, ordered Plaintiff to re-serve Defendants, and also denied Defendants' motion to dismiss Plaintiff's ADA claim against the Board and

**Civil No. 14-1622 (GAG)**

Fuentes in his official capacity.  (See Docket No. 43.)  The court did, however, dismiss the remainder of Plaintiff's claims.  (Id.)

Presently before the court is Defendants' motion for reconsideration of the court's denial of their motion to dismiss Plaintiff's ADA claim, in which Defendants disagree with the court's interpretation of the application of Title II of the ADA and also argue that assuming Title II applies in this case, such application is time-barred.  (Docket No. 56.)  Plaintiff failed to oppose said motion.

Upon considering the Defendants' submission and the pertinent law, the court **DENIES** Defendants' Motion for Reconsideration at Docket No. 56.

## I.  Standard of Review

A motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated and decided by the court.  Villanueva-Mendez v. Vazquez, 360 F. Supp. 2d 320, 322 (D.P.R. 2005).  It is also a long-standing rule that motions for reconsideration cannot be used to bring forth new arguments.  See Nat'l Metal Finishing Co., Inc. v. Barclays Am./Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990) (holding that motions for reconsideration may not be used "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier").  These motions are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law.  See Rivera Surillo & Co. v. Falconer Glass. Indus. Inc., 37 F.3d 25, 29 (1st Cir. 1994).

**Civil No. 14-1622 (GAG)**

## II. Discussion

With respect to Defendants' arguments that this court engaged in a manifest error of law when it held that Title II encompasses employment practices, and thus allows public employees to sue public entities for employment discrimination, the court finds that it did not make any such error.

The court need not delve into its reasoning in great detail, because it thoroughly explained such in its Opinion and Order at Docket No. 43, and Defendants fail to raise any arguments that persuade the court to abandon said reasoning at this time.  As discussed therein, Title II encompasses employment practices look to because the legislative history of Title II, which notably references § 504 of the Rehabilitation Act as a model for Title II (an act that is unquestionably intended to include employment discrimination), and the Department of Justice's implementing regulation that expressly states that Title II covers employment practices.  See, e.g., Bledsoe v. Palm Beach County Soil & Water Conservation Dist., 133 F.3d 816, 821-22 (11th Cir. 1998) (extensively analyzing the legislative history of Title II and noting that Congress contemplated a coordinated interpretation of Title II and § 504 of the Rehabilitation Act because language in § 504 very similar to that of 42 U.S.C. § 12132); Downs v. Mass. Bay Transp. Auth., 13 F. Supp. 2d 130, 134-36 (D. Mass. 1998) (same); see also 28 C.F.R. § 35.140(a).  Notably, while not holding that Title II encompasses employment practices, the First Circuit has clearly stated that "the language of Title II [is not] clear on this question" and also appears to have suggested that Title II could be construed to encompass employment. Currie v. Grp. Ins. Comm'n, 290 F.3d 1, 7 (1st Cir. 2002); see also Skinner v. Salem School Dist., 718 F. Supp. 2d 186, 192 (N.H. 2010).  As such, when the language of a statute is unclear and ambiguous, the implementing

**Civil No. 14-1622 (GAG)**

agency's regulation is entitled to deference under the <u>Chevron</u> doctrine. <u>See</u> <u>Chevron U.S.A, Inc. v. Natural Res. Def. Council, Inc.</u>, 467 U.S. 837, 842-43 (1984) (requiring deference to implementing agency where it reasonably resolves a statutory ambiguity).  And, as noted above, the Department of Justice has specifically stated that "[n]o qualified individual with a disability shall, on the basis of disability, be subjected to **discrimination in employment** under any service, program, or activity conducted by a public entity." 28 C.F.R. § 35.140(a) (emphasis added).

Indeed, the court noted in its Opinion and Order that the issue of whether Title II encompasses employment practices is not well-settled law.  The Circuit Courts that have considered this question are split, but the guidance from our binding Circuit is clear on this point: that the court must differ to the Attorney General's interpretation of Title II.  As such, if the First Circuit wishes to weigh in on this issue and clarify its language in <u>Currie</u>, it may do so at a later date.

With respect to Defendants' claim that any application of Title II is time-barred, the court rejects this argument as waived.  In moving to dismiss Plaintiff's ADA claim, Defendants failed to affirmatively raise any statute of limitations defense with respect to that law.  Such a defense is a waivable affirmative defense, not a jurisdictional bar to prosecution.  <u>United States v. Spector</u>, 55 F.3d 22, 24 (1st Cir. 1995).  Further, as noted above, it is a long-standing rule that motions for reconsideration cannot be used to bring forth new arguments.  <u>See</u> <u>Nat'l Metal Finishing Co., Inc.</u>, 899 F.2d at 123.  As such, not only did Defendants fail to raise this argument in their responsive pleading, but such an argument is not appropriately considered on motion for reconsideration.  To the extent that Defendants argue that they did not raise this defense because they interpreted Plaintiff's claim as one being brought under Title I, the court notes that an examination of

4

**Civil No. 14-1622 (GAG)**

Plaintiff's amended complaint reveals that it is clear by the language used that he was grounding his ADA claim in Title II of that Act, as opposed to Title I.  (<u>See</u> Docket No. 26 ¶ 1 (noting that the ADA "prohibits public entities from denying services or benefits to otherwise qualified employees with disabilities on the basis of those disabilities, and obliges equal opportunity for people with disabilities to access, participate in and benefit from a public entity's aids, benefits, and services.")).  More so, Defendants had ample opportunity to respond to this very arguments in a reply to Plaintiff's opposition to their Motion to Dismiss and yet they failed to take advantage of that opportunity.

Accordingly, the court **DENIES** Defendants' Motion for Reconsideration at Docket No. 56.

**SO ORDERED.**

In San Juan, Puerto Rico this 28th day of April, 2015.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge

5